Case 2:21-cr-00382-FMO Document 1 Filed 08/17/21 Page 1 of 8 Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
08/17/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_DM\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID BERNARDO GARCIA and MICHELLE ANN GARCIA,<br><br>　　　　Defendants. | CR 2:21-cr-00382-FMO<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 1704: Unlawful Possession of Counterfeit Postal Keys; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981, 982, and 1029 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1708, 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2021, in Los Angeles County, within the Central District of California, defendants DAVID BERNARDO GARCIA ("D. GARCIA") and MICHELLE ANN GARCIA ("M. GARCIA"), each aiding and abetting the other, unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely,

approximately 24 pieces of mail and mail matter addressed to various individuals and businesses within Los Angeles County and elsewhere, and at that time and place, defendants D. GARCIA and M. GARCIA knew that said mail and mail matter were stolen.

COUNT TWO

[18 U.S.C. §§ 1704, 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2021, in Los Angeles County, within the Central District of California, defendants DAVID BERNARDO GARCIA and MICHELLE ANN GARCIA, each aiding and abetting the other, knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, keys suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit and delivery of mail matter, namely, four counterfeit Postal Service "arrow" keys.

COUNT THREE

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2021, in Los Angeles County, within the Central District of California, defendants DAVID BERNARDO GARCIA ("D. GARCIA") and MICHELLE ANN GARCIA ("M. GARCIA"), each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 16 credit and debit cards, 15 social security numbers, and three bank account numbers, all belonging to persons other than defendants D. GARCIA and M. GARCIA, with said possession affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about May 16, 2021, in Los Angeles County, within the Central District of California, defendants DAVID BERNARDO GARCIA ("D. GARCIA") and MICHELLE ANN GARCIA ("M. GARCIA"), each aiding and abetting the other, knowingly possessed, without lawful authority, a means of identification that defendants D. GARCIA and M. GARCIA knew belonged to another person, namely, the name of victim P.M., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Three of this Indictment.

**FORFEITURE ALLEGATION ONE**

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1.  Pursuant to Rule 32.3(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1029, in the event of any defendant's conviction of the offenses set forth in either of Counts Three or Four of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

  (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

  (b)  Any personal property used or intended to be used to commit the offense; and

  (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendants so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

7

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                          /S/
                                        Foreperson

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ASHLEY FILLMORE
Assistant United States Attorney
General Crimes Section